## H. HACKFELD *et al. vs.* J. K. AKINA.

### IN EQUITY. BEFORE HARTWELL, J.

### SEPTEMBER, 1873.

A parol assignment of a mortgage of real estate, accompanied with endorsement of mortgage note and delivery of mortgage deed, is valid under our statutes.

### DECISION OF HARTWELL, J.

Bill for foreclosure of a mortgage of real estate. The mortgagee endorsed the mortgage note to the complainants, and delivered to them the mortgage deed as security, but without a written assignment. The respondent demurs on the ground that the mortgage can only be assigned by a written instrument, citing the following sections of the Civil Code, viz:

Section 422, which provides for stamping "all documents requiring to be stamped, that is to say, all deeds, mortgages, leases and other conveyances of real estate."

Section 424: "No document required to be stamped as in Section 422 shall be recorded or be of any validity in any Court of this Kingdom unless the same shall be duly stamped."

Section 1053: "No action shall be brought or maintained upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them, unless the promise, contract or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing, and be signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

Section 1262: "All deeds, leases for a term of more than one year, or other conveyance of real estate within this Kingdom, shall be recorded in the office of the Registrar of Conveyances, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration, not having actual notice of such con-

veyance of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

BY THE 'COURT.

I do not think a parol assignment of a mortgage of real estate, accompanied with endorsement of the mortgage note and delivery of the mortgage deed, is invalid by any provision in our statutes.

The conveyances requiring to be stamped and recorded in order to their validity are, of course, written instruments; but I know no statute which declares that no interest in land shall be created by livery and seisin, or by parol only, except as against *bona fide* purchasers for value and without notice.

Our code substantially enacts the 4th and 17th Sections of the Statute, 29 Car. II., Cap. 3, omitting to enact those sections which declare that certain interests in land shall be created by deed only, and shall have the effect of estates at will if made by parol, and that certain interests in land shall not be "assigned, granted, or surrendered, unless it be by deed or note in writing." There is also no enactment of an exception in regard to resulting trusts made by the English Statute.

In this case there is a recorded mortgage duly signed by the party sought to be charged, and that is all that is required as between these parties, as we have no statute which precludes the assignee of a mortgage from bringing a bill for foreclosure in his own name.

In reaching this conclusion I have not been embarrassed by questions raised under English and American statutes.

The Massachusetts Statute, for instance, enacts that "no interests in lands shall be assigned, granted, or surrendered, unless by a writing signed as aforesaid, or by the operation of law." I should find it difficult to avoid the construction placed on such a statute by the Massachusetts Courts, which require the assignment of a mortgage to be made in writing in order to base a real action for foreclosure. Such is the judicial view in Maine, New Jersey, Pennsylvania, Indiana, Alabama and Maryland, although it is otherwise in most of the States.

*Young vs. Miller,* 6 Gray, 153; 2 Washburn's Real Prop. (edition 1868), 113, and notes; Browne's Statute of Frauds, 66, and notes. But in the former strict construction the assignees of a mortgage assigned by parol can secure their rights in equity by making the assignor a trustee for their benefit. · Undeniably there is public policy in the Statute of Frauds, which gives means of public information concerning land titles. In my opinion the same policy would require the assignment and discharge of mortgages to be made matter of record, but that policy is not yet made law.

The case suggests the need of legislation on our law of real estate.

*C. C. Harris,* for plaintiffs.

*W. C. Jones,* for defendant.

September 3, 1873.